IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES LEE CROSS
*on behalf of*
DONNA CROSS, Deceased                                                                PLAINTIFF

vs.                              Civil No. 4:16-cv-04107

NANCY BERRYHILL                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charles Lee Cross, on behalf of, Donna Cross, deceased, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on March 28, 2011. (Tr. 352-366). Plaintiff alleged she was disabled due to severe knee and ankle problems, osteoarthritis, stroke, and congestive heart failure. (Tr. 427). Plaintiff alleged an onset date of January 1, 2005. (Tr. 352).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

These applications were denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 192).

Plaintiff's administrative hearing was held on July 15, 2015. (Tr. 76-112). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-six (56) years old and had an eleventh grade education. (Tr. 81-82).

On October 27, 2015, the ALJ entered a partially favorable decision denying Plaintiff's application for DIB, but granting Plaintiff's application for SSI. (Tr. 21-34). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through September 30, 2007. (Tr. 24, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2005. (Tr. 24, Finding 2).

The ALJ determined Plaintiff had the severe impairments of osteoarthritis of the bilateral knees, degenerative joint disease of the lumbar spine, and morbid obesity. (Tr. 24, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 27-31). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work, except can only occasionally climb stairs and ramps, but not climb ladders, ropes, and scaffolds; can occasionally stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to extreme temperatures, dusts, fumes, gases, odors, and other pulmonary

irritants. (Tr. 27).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also found that on June 21, 2009, Plaintiff's age category changed to an individual closely approaching advanced age. (Tr. 31, Finding 7). The ALJ, however, also determined that prior June 21, 2009, there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 32, Finding 10). However, on June 21, 2009, because Plaintiff's age category changed, there were no jobs existing in significant numbers in the national economy Plaintiff could perform. (Tr. 33, Finding 11). Based upon this finding, the ALJ determined Plaintiff became disabled on June 21, 2009. (Tr. 33, Finding 12). The ALJ also found Plaintiff was not under a disability at any time through September 30, 2007, the date last insured. (Tr. 33, Finding 13).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 14). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this decision. (Tr. 1-5). On November 4, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 7, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing and (B) and in assessing Plaintiff's RFC. ECF No. 13, Pgs. 3-20. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 16.

It should be noted, Plaintiff's date last insured for Title II purposes was September 30, 2007 (Tr. 22). Therefore, the relevant issue is whether Plaintiff was disabled as of September 30, 2007.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included osteoarthritis of the bilateral knees, degenerative joint disease of the lumbar spine, and morbid obesity. (Tr. 24, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. In this matter, Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments, as of September 30, 2007. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02 major joint dysfunction. ECF No. 13, Pgs. 3-16. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No. 16.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

6

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Plaintiff testified she was prescribed a walker in 2007. (Tr. 90). The ALJ considered this contention, but correctly found the evidence of record did not establish Plaintiff was prescribed a walker as of her September 30, 2007, date last insured. (Tr. 29).

Further, Plaintiff presented no diagnostic medical evidence showing she has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find

7

substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### **B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for sedentary work, except can only occasionally climb stairs and ramps, but not climb ladders, ropes, and scaffolds; can occasionally stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to extreme temperatures, dusts, fumes, gases, odors, and other pulmonary irritants. (Tr. 27). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 16-20. However, substantial evidence

supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing her limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Plaintiff argues the ALJ "erroneously discussed" the RFC assessment form Dr. Kleinschmidt completed on January 24, 2012. Dr. Kleinschmidt completed an RFC assessment that included limitations which would preclude all sedentary work. (Tr. 1235-1238). However, the ALJ considered the RFC assessment from Dr. Kleinschmidt and properly gave it little weight. (Tr. 31). The ALJ explained Dr. Kleinschmidt's treatment records did not fully support his RFC assessment and the assessment was not consistent with the medical evidence through the date last insured and prior to the established onset date of disability. *Id*.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of February 2018.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE